UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Manuel S., | Civ. No. 26-254 (PAM/DLM) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| Kristi Noem, in her capacity as Secretary for the United States Department of Homeland Security; David Easterwood, Field Office Director of St. Paul, Immigration and Customs Enforcement, in his official capacity; and Pamela Bondi, in her official capacity as the Attorney General of the United States, | |
| Respondents. | |

This matter is before the Court on Petitioner Manuel S.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Manuel S. is a citizen of Ecuador. (Id. ¶ 4.) He claims to have entered the border from Mexico into the United States in December 2022. (Id. ¶ 2.) He subsequently applied for asylum and does not indicate that his application was approved. (Id. Ex. A.) On January 13, 2026, Respondents apprehended Petitioner, and he remains in the custody of Immigration and Customs Enforcement ("ICE"). (Id.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the facts are clear that he did not lawfully enter the United States, i.e., an immigration officer did not inspect him and authorize his entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention

is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention. See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); de Leon Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4. The text of § 1225(b)(2)(A) is clear that a noncitizen who is an "applicant for admission" is necessarily "seeking admission." See Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142 (D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). Petitioner fails to provide evidence that he has been lawfully admitted to the United States. "Admission" means lawful entry into the United States, not merely any presence here. 8 U.S.C. § 1101(a)(13)(A). The statute's plain meaning prevails: Petitioner is an "applicant for admission" because he is present in this country and has not been

3

admitted. Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention. Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

Moreover, Petitioner filed an application for asylum and ostensibly continues to pursue that status. "That application seeks to allow him to remain in this country—i.e., to be admitted." Coronado v. Sec'y, Dep't of Homeland Sec., No. 1:25-CV-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025). Even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil." Chen, 2025 WL 3484855, at *6. Indeed, were an applicant not seeking admission to the United States or other lawful status when confronted by an immigration officer, then he or she would voluntarily self-deport.

Finally, Petitioner contends that he is a member of the class in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873 SSS BFM (C.D. Cal. Dec. 18, 2025), and therefore is entitled to the declaratory relief ordered in that case—immediate release from custody. Maldonado Bautista is not binding or applicable here. Federal district courts are authorized to grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Petitioner does not claim to be confined in the Central District of California. Thus, the Maldonado Bautista court does not have jurisdiction over Petitioner, and he is not entitled to relief ordered by that court. Moreover, the declaratory relief that Maldonado

4

Bautista purports to confer on petitioners nationwide is in practice no different than a universal injunction over "individuals who were not parties to that action, and the power to issue such relief 'likely exceed[s] the equitable authority that Congress has granted to the federal courts.'"  Ore Falcon v. Wofford, No. 1:26-CV-00181-WBS-EFB, 2026 WL 171927, at *3 (E.D. Cal. Jan. 22, 2026) (quoting Trump v. CASA, 606 U.S. 831, 837 (2025).)  Petitioner is not entitled to the relief he seeks.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 6, 2026

s/ *Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge